NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-250-JBC

JEROME BETHEA                                                                                        PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, *Warden*                                                              RESPONDENT

      The petitioner, Jerome Bethea, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, R. 2, and supplemental § 2241 petition. R. 6. Bethea seeks an order directing the Bureau of Prisons ("BOP") to apply good-time credits ("GTC") to his three federal criminal sentences, and to order his immediate release from BOP custody. For the reasons set forth below, Bethea's § 2241 petition and its supplement will be dismissed without prejudice for failure to exhaust administrative remedies.

SCREENING

      Promptly after the filing of a petition for writ of habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979)*; see also* 28 U.S.C. § 2243. Petitions which raise legally frivolous claims must be dismissed, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.1999).

      The district court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

*Pro se* pleadings are entitled to a greater measure of latitude than those drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (quoting *Burris v. United States*, 430 F.2d 399, 403 (7th Cir. 1970)).

<u>Procedural History Through July 24, 2009</u>

In its July 21, 2009, deficiency order, the court summarized the procedural history of the case as of that date and directed Bethea to submit either the $5.00 filing fee or the documentation needed to proceed *in forma pauperis*. In another order entered on that date, the court directed Bethea to file documentary evidence showing that he had administratively exhausted his § 2241 claims as required by the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-19. On July 24, 2009, Bethea filed a supplemental § 2241 petition, R. 6, and another pleading in which he discussed the merits of his case and explained his efforts to administratively exhaust his claims.

<u>Bethea's Petition</u>
<u>1. Underlying Claims</u>

First, Bethea argues that the 220 months that he has already served in federal custody exceeds the sentence he received in his first federal conviction in 1992.[1] Second, Bethea argues that the BOP has failed to aggregate his second and third consecutive federal sentences, thus causing him to serve a longer sentence than is warranted.[2] He claims that, had the BOP properly aggregated those sentences, he could have satisfied them after the BOP applied his accumulated GTC to them.

---

[1] On May 20, 1992, Bethea was sentenced to a 272-month prison term, plus five years of supervised release. *See United States of America v. Jerome Patrick Bethea*, 2:91-CR-57-1. On May 15, 2009, that court reduced Bethea's sentence from 272 months to 218 months, but not less than time served [*Id.*, Record No. 119].

[2] On February 16, 1995, Bethea pleaded guilty in this court to "Contraband in Prison (Currency)" [*See* 6:94-CR-58-JBC, Docket Entry No. 13]. On May 26, 1995, this court sentenced Bethea to a six-month term of imprisonment, to run consecutively to any previously imposed state or federal sentence.
After his 1995 conviction here, another federal court sentenced him to a term of seven months, to be served consecutive to the six-month term imposed in this court. *United States of America v. Jerome Patrick Bethea*, 1:98-CR-411-1.

2

Third, Bethea argues that the BOP has refused to credit him with all of his earned GTC. He argues specifically that after his 1992 federal sentence was reduced from 272 months to 218 months on May 15, 2009, the BOP refused to credit him with 827 days of GTC which he claims should have been applied to his second and third consecutive sentences. Bethea contends that if the BOP properly applied all of his GTC against those two consecutive sentences, he would have already been released from federal custody. Bethea argues that the involuntary forfeiture of the 827 days of GTC violates his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. Finally, Bethea mentions the fact that the BOP awards GTC at a rate of 47 days per calendar year instead of 54 days per calendar year.

## 2. Exhaustion Efforts

Bethea acknowledges that he has not completed the BOP administrative remedy process, which he states is "months away from total completion."[3] He states that he has filed a BP-9 "Request for Administrative Remedy" and is awaiting a response from the Warden. Bethea does not state when he filed his BP-9 Request with the Warden.

Bethea's attempts to informally resolve the issue have been unsuccessful. He states that "local prison administration" has informed him that his sentence has been calculated in accordance with BOP policy. He argues that in light of these unfavorable responses, pursuing the administrative remedy process would be futile, and that the BOP's decision regarding his GTC is "predetermined" and "set by policy."

Finally, Bethea argues that because he has already served too much time, he should not be required to use the BOP administrative remedy process. He seeks an order directing the BOP to recalculate his sentence, apply all earned GTC, and immediately release him from federal custody.

---

[3] Title 28 C.F.R. § 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may submit a formal written request (a BP-9 form) to the Warden. *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (via a BP-10 form) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (via a BP-11 form) to the Office of General Counsel. *See* § 542.15 (a) - (b).

3

ANALYSIS

Federal courts require inmates seeking habeas corpus relief to exhaust their administrative remedies before filing a petition under 28 U.S.C. § 2241. *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975).

The exhaustion requirement is designed to ensure not only that the agency be given the opportunity to review its conclusions short of litigation, but also that the district court be provided a complete record upon which to review the agency's final action. *See Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980). "Proper exhaustion often results in the creation of an administrative record that is helpful to the court." *Barney v. Correctional Medical Services, Inc.*, 08-CV-00694, 2009 WL 3711612, *12 (W.D. Mich. Nov. 3, 2009). Administrative exhaustion of claims raised under § 2241 is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Spencer v. Martinez*, No. 09-CV-00932, 2009 WL 454474, at *1 (M.D. Pa. Nov. 30, 2009) (quoting *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir.1996)); *Noriega-Lopez v. Ashcroft*, 225 F.3d 874, 881 (9th Cir. 2003) (same). The requirement that administrative remedies be exhausted prior to filing suit mandates that those remedies must be exhausted properly and within the time frames required by the remedy process. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

Specific issues relating to the BOP's computation of sentence credits and calculation of an inmate's release date must be exhausted through the BOP's administrative remedy process prior to seeking judicial relief. *See Ores v. Warden, FCI Texarkana*, 50 F.3d 10, *1 (6th Cir. 1995) (unpublished table decision); *United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir.1992), *cert*. *denied*, 507 U.S. 1019 (1993); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991); *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir.1989); *Davis v. Keohane*, 835 F.2d 1147, 1148 (6th Cir.1987) (per curiam). Furthermore, a court cannot compute sentence credits under 18

4

U.S.C. § 3585(b), as that task is reserved for the Attorney General. *United States v. Wilson*, 503 U.S. 329, 334 (1992); *Ores,* 50 F.3d at *1.

A least one district court in this circuit has been faced with a similar argument from a § 2241 petitioner claiming that the BOP had failed to properly apply GTC to his federal sentence, and that it was futile to require him to pursue the BOP's three-step administrative remedy process. In *Madinah v. Marberry*, No. 05-CV-73801, 2006 WL 2365129 (E.D. Mich. August 15, 2006), the district court rejected the prisoner's arguments and determined that he failed to establish that completion of the BOP's administrative remedy process, on sentence credits, would have been futile. *Id*, at *2. Noting that a challenge to the BOP's calculation of sentencing credits is jurisdictional, the court stated that "'a futility exception to the exhaustion requirement is questionable.'"*Id.*, (citing *Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006)).

Bethea argues that he should be excused from the exhaustion requirement under the "futility" exception because he could, theoretically, already have already been released from BOP custody if the BOP had properly applied all GTC to his sentence. The judicially crafted exhaustion requirement applicable to § 2241 habeas petitions is subject to certain equitable exceptions. The "futility" exception upon which Bethea relies may apply in certain, narrowly-defined, circumstances. *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689-90 (E.D. Ky. 2004). Specifically, exhaustion may be waived as futile where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *Id.*, (citing *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C.Cir.1987)).

Bethea's futility argument lacks merit because nothing in the record supports his claim that the BOP has a strong position on either the issue of applying GTC to his sentences or aggregating his sentences. Bethea has raised several arguments challenging the BOP's application of GTC to his various federal sentences and the BOP's alleged failure to aggregate his sentences. This case presents an intricate fact pattern involving a reduced sentence from 1992 and the issue of whether, or how, the application of GTC affects two subsequently imposed consecutive sentences. While

5

Bethea alleges that the BOP's position regarding his claims is set and not subject to change, the existing record does not reveal what the BOP's exact legal position is or how that position is being applied to Bethea. It reveals only Bethea's interpretation of what the BOP's position is on the issue, not what the BOP's actual position is with respect to the specifics of Bethea's case.

In light of the established case law regarding the need for exhaustion of GTC issues, and the atypical fact pattern in Bethea's case, the court finds no merit to Bethea's argument that exhaustion of the available administrative remedies would be futile or unduly prejudicial. The BOP's responses to Bethea's claims would not only be beneficial to the adjudication process, they are also necessary.[4] Any further consideration of whether the BOP properly applied all GTC to Bethea's sentence is foreclosed unless and until he fully completes the BOP administrative remedy process.[5]

This action will be dismissed without prejudice to Bethea's filing another similar action, if necessary, after completing the BOP administrative remedy process, 28 C.F.R. §§ 542.10-19.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     Bethea's petition for a writ of habeas corpus R. 2, and supplemental § 2241 petition, R. 6, are **DENIED.**

(2)     This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the Court's active docket.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

---

[4] According to the BOP's website, www.bop.gov, Bethea's actual or projected release date is May 29, 2010. Although Bethea's 1992 federal sentence was not reduced until May 15, 2009, Bethea does not state when he filed the BP-9 "Request for Administrative Remedy" with the Warden. If Bethea had begun the administrative exhaustion process soon after May 15, 2009, the process would have significantly progressed, or perhaps concluded, by now. The BOP administrative remedy process takes approximately 90 days, absent extensions of time.

[5] Bethea also complained that the BOP awards GTC at a rate of 47 days per calendar year instead of 54 days per calendar year. That calculation, however, is appropriate. *See Petty v. Stine*, 424 F.3d 509 (6th Cir.2006), *cert. denied*, 547 U.S. 1194 (2006).

6

Signed on December 30, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY